## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JANE DOE 1 and  JANE DOE 2,       )

                              )

                              )

        Plaintiffs,         )

                              )

v.                           )      Case No. 05-1151-JTM

                              )

UNIFIED SCHOOL DISTRICT No. 259,   )

                              )

        Defendant.        )

                              )

_____)

## MEMORANDUM AND ORDER

      The court conducted a telephone conference on June 12, 2007 to address (1) plaintiffs'
motion for an order permitting limited additional discovery and (2) defendant's request to list
plaintiffs by their actual names in the caption of the case.  Lawrence Williamson appeared
for plaintiffs.  Richard James and Robert Martin appeared for defendant.  The court's rulings
are set forth below.

### Background

      This is an action under Title IX and 42 U.S.C. § 1983 against Unified School District
259.  Highly summarized, plaintiffs allege that Jane Doe 1 and Jane Doe 2 were sexually
harassed by a fellow student and that defendant, with knowledge of the harassment, was

"deliberately indifferent" and "made no effort either to investigate or put an end to the harassment." (Doc. 12, p. 13).[1] Additional facts and allegations, where necessary for context, are included in the following analysis of the parties' arguments.

### Plaintiffs' Motion for Additional Discovery

Plaintiffs move for an order permitting an additional sixty-day period to complete discovery. In support of their motion, plaintiffs argue that their discovery initially focused on the issue of class certification and, now that their motion to certify a class has been rejected, a limited amount of discovery is necessary for their individual claims. Plaintiffs also argue that (1) the parties agreed to reserve the taking of certain depositions until after the court ruled on the issue of class certification and (2) limited discovery will narrow the issues for trial.

Defendant opposes the motion. Defendant argues that this case was filed May 19, 2005 and the initial scheduling order established a January 16, 2006 deadline for the completion of discovery. Defendant agrees that certain depositions were reserved pending a ruling on class certification and does not object to the taking of those depositions.[2] However, defendant objects to any other discovery, arguing that the school district incurred

---

[1] Plaintiffs' motion for class certification was denied and only their individual claims remain. (<u>Memorandum and Order</u>, Doc. 81).

[2] Defendant alleges that the depositions were delayed because "plaintiffs' counsel was involved in a trial and unable to complete those depositions." (Doc. 85, p. 2).

substantial attorney fees and expenses in responding to plaintiffs' discovery requests in a timely manner while plaintiffs expended minimal effort during the original discovery period.[3]

The argument that the scheduling order (Doc. 6, filed July 20, 2006) provided for the completion of discovery by January 16, 2006 is technically correct because the date was never formally amended.[4]  However, that argument ignores the practical consideration that, as discovery disputes arose and conferences were conducted, the court's pretrial rulings were premised on the understanding that the first major issue to be resolved was whether this case would proceed as a class action.[5]  Recognizing that resolution of the class certification would affect the scope of discovery, the parties also deferred certain depositions until after the class certification ruling.[6]  Under the unique circumstances of this case and the events preceding the class certification motion, the court concludes that some limited discovery during a sixty-day period is appropriate notwithstanding the January 16, 2006 deadline in the original

_____

[3]

During oral argument, defendant asserted that attorney fees related to this case had reached "six-figures."

[4]

The motion for class certification was filed on March 23, 2006 and denied on February 26, 2007 followed by plaintiffs' unsuccessful appeal to the Tenth Circuit.

[5]

The parties represented during the February 3, 2006 conference that discovery "is proceeding on schedule." ( Doc. 42).  Unfortunately, the deadline for the completion of discovery was not amended; however, the pretrial conference and dispositive motion deadline were canceled pending a ruling on class certification.  (Doc. 42).

[6]

It is not unusual in a potential class action lawsuit for discovery to be conducted in phases.  Typically, phase 1 discovery deals with class certification issues and phase 2 discovery deals with the merits of the case.

scheduling order.  The narrower issues argued by the parties are discussed in greater detail below.

## A. Names of People Interviewed

Plaintiffs seek discovery of "anyone defendant has interviewed since the filing of plaintiffs' motion to certify a class."  (Doc. 82, p. 2).  As currently drafted, the request seeks discovery of defense counsel's thought process/strategy concerning which witnesses were worthy of an interview.  Because counsel's thought process/strategy in deciding which witnesses to interview is work product, the request for such discovery shall be denied.[7]

## B. Security Incident Reports

Defendant previously produced incident reports of sexual harassment/assault with the names of the students redacted and plaintiffs now seek the unredacted incident reports at the school which plaintiffs attended.  Apparently, plaintiffs want to contact parents of those students to determine whether a pattern or practice exists of deliberate indifference to reports of sexual harassment.  Defendant argues that the requested information is no longer relevant because class certification has been denied and disclosure is prohibited by the Family Educational Rights Privacy Act (FERPA).  Plaintiffs counter that they are entitled to present

---

[7]

The court's ruling is limited to the current wording of plaintiffs' discovery request. The court expresses no opinion concerning alternative requests for the names of witnesses possessing factual information concerning issues in this case.

evidence of the alleged discriminatory treatment of other students to support their individual claims.  See Mendelsohn v. Sprint, 466 F. 3d. 1223 (10th Cir. 2006)(testimony of how other employees were treated is relevant to show pattern or practice of discrimination).[8]

The problem with defendant's relevance argument is that, in the context of discovery, relevance is liberally construed.  Moreover, in Mendelsohn, the Tenth Circuit held that it was error to exclude the testimony of other employees concerning defendant's practices and policies if the testimony was "logically or reasonably" tied to defendant's specific act of discrimination toward an individual plaintiff.  Mendelsohn, 466 F. 3d at 1229.  At a minimum, allowing discovery permits plaintiffs to determine whether a "logical" or "reasonable" link exists between the school district's treatment of other reports of sexual harassment and the harassment suffered by plaintiffs.[9]

Defendant's "FERPA" argument is not persuasive as both parties now agree that disclosure is permitted by court order if certain federal regulations are followed.  The parties shall submit an appropriate order for the disclosure of student identities by **June 29, 2007**.  The disclosures shall be limited to the specific school attended by plaintiffs.

---

[8]

Sprint's petition for certiorari was granted June 11, 2007.  Sprint v. Mendelsohn, 2007 WL 736557 (2007)

[9]

The court recognized that differences exist between a Title IX case and other forms of discrimination.  In particular, the school district cannot be held liable for student-on-student sexual harassment unless plaintiffs show that defendant was "deliberately indifferent."  The court expresses no opinion whether plaintiff ultimately will be able to show a logical or reasonable relationship of "deliberate indifference" between their claims and the treatment of other incidents.

**C. Supplemental Disclosures**

Plaintiffs ask for permission to provide "supplemental disclosures."  Defendant opposes the request, arguing that the parties "should have already disclosed all information." (Doc. 85, p. 16).  Unfortunately, plaintiffs have not explained the nature of the supplemental disclosures contemplated.  However, because the parties are under a continuing duty to supplement under Fed. R. Civ. P. 26(e), the court will establish a deadline and require that supplemental disclosures be produced by **June 29, 2007**.[10]

**D. Requests for Admissions**

Defendant opposes plaintiffs' request for leave to serve requests for admissions. Because requests for admission are useful in narrowing the need for discovery and the production of evidence at trial, the court will allow plaintiff leave to serve 20 requests for admissions.  The requests shall be served by **July 13, 2007.**

**E.  Statements Made to Defendant's Expert Witness**

Apparently, three witnesses provided factual statements to defendant's expert witness after the case had been on file and plaintiffs seek disclosure of those statements.  Defendant argues that plaintiffs never asked for the production of such statements during the initial

---

[10]

Because plaintiffs provide no information concerning the nature of any supplemental disclosures, the court expresses no opinion as to whether the supplemental materials/disclosures satisfy the provisions of Rule 26(e).

discovery period and plaintiffs can obtain the statements by deposing defendant's expert

witness.  Because the court will allow a sixty-day period of discovery, plaintiffs may seek

production of this material through written discovery requests.


### Plaintiffs' Names

Defendant argues that Jane Doe 1 and Jane Doe 2 have now reached the age of

majority and that the caption of the case should be modified to show their actual names.

Plaintiffs do not object to modifying the caption to show that the case is brought by Jane Doe

1 and Jane Doe 2 rather than by their mother.  However, plaintiffs argue that the case caption

should continue to utilize pseudonyms to avoid embarrassment to the young women

concerning the sexual harassment.[11]  Defendant counters with a reference to Theno v.

Tonganoxie USD 464, D. Kan., Case No. 04-2195-JWL, to support its argument that the

actual names of adult plaintiffs are used in the caption of Title IX cases.

The problem with defendant's reliance on Theno is that the parties *agreed* to amend

the complaint to substitute plaintiff's actual name when he turned eighteen.  Theno, Pretrial

Order, Doc. 77, p. 30.  In this case there is no such agreement.  Moreover, in a more recent

Title IX case involving sexual harassment, Judge Lungstrum utilized the initials of the

---

[11]

      There does not appear to be any dispute that plaintiffs were subjected to some
forms of sexual harassment by a fellow student.  This court's docket and filings are now
available on the internet.  Automatically listing the full names of the victims of sexual
harassment/abuse after they reach age eighteen can discourage some young students from
reporting sexual harassment to the proper authorities.

plaintiff in the case caption even though the plaintiff was no longer a minor.  See, C.T. v. Liberal USD 480, 2007 WL 1579472, D. Kan. May 31, 2007.[12]  Contrary to defendant's suggestion, courts exercise discretion in determining whether to utilize the actual name of a victim of sexual harassment or abuse and do not automatically amend the caption when a young litigant turns eighteen.  Because the age of majority is the only reason raised by defendant for listing plaintiffs' actual names, the request is denied.  However, the caption shall be modified to show that the case is brought by Jane Doe 1 and Jane Doe 2 rather than by their mother.


     **IT IS THEREFORE ORDERED** that plaintiffs' motion for additional discovery (**Doc. 82-2**) is GRANTED consistent with the rulings set forth herein.  The allowed discovery shall be completed by August 20, 2007.

     **IT IS FURTHER ORDERED** that the case caption shall be modified to reflect that Jane Doe 1 and Jane Doe 2 are the named plaintiffs.

     Dated at Wichita, Kansas this 19th day of June 2007.


                              S/ Karen M. Humphreys
                              _____
                              KAREN M. HUMPHREYS
                              United States Magistrate Judge


---

[12]   Chief Judge Lungstrum was also the trial judge in Theno.