IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANE DOE 1 and JANE DOE 2,

Plaintiffs,

vs.                                                       Case No. 05-1151-JTM

UNIFIED SCHOOL DISTRICT 259,

Defendant.

MEMORANDUM AND ORDER

The present matter arises on defendant's motion for review of the Magistrate Judge's Memorandum and Order Granting Plaintiffs Access to the Unredacted Security Incident Reports (Dkt. No. 89). For the following reasons, the court denies defendant's motion.

The plaintiffs appealed this court's February 26, 2007 decision which denied class action certification. On appeal, the Tenth Circuit declined to remand the matter. Following the appeal, plaintiffs filed a motion requesting additional discovery (Dkt. No. 82). On June 19, 2007, Magistrate Judge Humphreys granted plaintiffs' motion for additional discovery (Dkt. No. 88), which in part, requested the disclosure of unredacted Security Incident Reports at the school which plaintiffs attended in order to determine whether a pattern or practice exists of deliberate indifference to reports of sexual harassment. Defendant appeals one ruling in the Order which required the production of the unredacted Security Incident Reports. Defendant argues that the reports include information on the victim, witnesses, and the alleged perpetrator, as well as

investigation notes and details from other sexual harassment complaints not related to the present lawsuit.

The review of Magistrate Judge Humphreys' Order is controlled by Fed. R. Civ. P. 72(a), D. Kan. Rule 72.1.4, and 28 U.S.C. § 636(b)(1)(A). With respect to orders relating to non-dispositive pre-trial matters, Fed. R. Civ. P. 72(a) provides that the "district judge to whom the case is assigned shall consider such objections and so modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law." *Id*. Under this standard, significant deference should be afforded to such non-dispositive decisions of the Magistrate Judge. *Smith v. MCI Telecommunications Corp.*, 124 F.R.D. 665, 686 (D. Kan. 1989).

After a review of Magistrate Judge Humphreys' Order, the court finds that the Order is not clearly erroneous or contrary to law. Specifically, the Order stated that with respect to the Security Incident Reports, allowing discovery permits plaintiffs to determine whether a "logical" or "reasonable" link exists between the school district's treatment of other reports of sexual harassment and the harassment suffered by plaintiffs. The Order also noted that defendant's objection to the disclosure based on the Family Educational Rights Privacy Act (FERPA) was unpersuasive because both parties agreed that disclosure was permitted by court order if certain federal regulations were followed. Pursuant to that agreement, the court ordered the parties to submit an appropriate order for the disclosure of student identities by June 29, 2007 and limited the disclosures to the specific schools attended by plaintiffs.

The court finds that the Order is not clearly erroneous or contrary to law because the discovery is relevant to plaintiff's pattern of deliberate indifference claim. Specifically, as

2

plaintiff notes, although the class action was not certified, evidence of how defendant responded to other complaints is relevant to plaintiffs' claims. *See Mendelsohn v. Sprint/United Management Co.*, 466 F.3d 1223, 1227 (10th Cir. 2006) (pattern and practice evidence admissible in individual cases of discrimination as circumstantial evidence of a defendant's discriminatory animus). Furthermore, the Magistrate Judge's Order noted that the parties agreed that disclosure is permitted if federal regulations were followed. Consistent with the agreement, the court ordered the parties to submit a disclosure report. These determinations were not clearly erroneous or contrary to law. For this reason, the court denies defendant's motion.

IT IS ACCORDINGLY ORDERED this 25th day of July, 2007, that defendant's motion (Dkt. No. 89) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

3